IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> THADDEUS R. ANDERSON, <br> A/K/A TED ANDERSON, <br>     Defendant, | CRIMINAL ACTION <br> NO: 1:24-CR-0028 |

**AGREED RESTITUTION ORDER**

This matter is before the Court on the requests for restitution for certain victims who appear in certain child-pornography files distributed by Defendant, Thaddeus R. Anderson, a/k/a Ted Anderson.

The United States and Defendant agree that 18 U.S.C. § 2259 requires the Court to impose restitution for the offense of conviction, namely, distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The parties further agree that, under 18 U.S.C. § 3663(a)(3), "the [C]ourt may also order restitution in any case to the extent agreed to by the parties in the plea agreement."

In the present case, Defendant agreed in the plea agreement to make full restitution to the victims of the offense to which he was pleading guilty and the victims of any other child-exploitation or child-pornography offenses committed

by Defendant, whether charged or uncharged, that became known to the Government.

There is no dispute that Defendant distributed child-pornography files depicting the victims. Additionally, there is no dispute that the victims constitute victims of the offense of conviction or of another child-pornography offense.

IT IS THEREFORE AGREED BY THE PARTIES, that Defendant is responsible for harm or losses suffered by the victims. Accordingly, Defendant agrees to pay restitution to each of the victims in amounts that comport with Defendant's relative role in causing the total harm or losses suffered by the victims.

Upon the application of the United States, the presentence report, Defendant's conviction, the agreement of the parties, and all other proceedings in this case, it is hereby ORDERED as follows:

1. **Amount of Restitution**

Defendant shall pay restitution in the amount of $58,000 to the identified victims. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payment to the new address without further order of this Court.

2. **Schedule of Payments**

Notwithstanding any other provision of this Agreed Restitution Order or the sentence imposed, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time. Interest shall accrue as provided in 18 U.S.C. § 3612(f).

Pursuant to 18 U.S.C. §3664(f)(2), in consideration of the financial resources and assets of the defendant and the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. §3572(d)(1) and (2). The payment schedule below shall not preclude enforcement of the restitution judgment by the United States Attorney pursuant to 18 U.S.C. §§ 3613 and 3664(m).

During any period of incarceration in a prison in the United States, payment of criminal monetary penalties remains due. The Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11. Defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in his inmate trust account per quarter.

Any portion of the criminal monetary debt that remains unpaid at the time of Defendant's release from imprisonment shall be paid to the Clerk at the monthly rate of at least $500 per month or 25 percent of gross monthly income in excess of $2,500, beginning 30 days after release from imprisonment. This payment schedule is subject to be changed, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(D)(3).

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

### 3. Payment Instructions

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court. Defendant shall make restitution payments by certified check, bank check, money order, or cash. Checks and money orders shall be made payable to "Clerk, U.S. District Court" and mailed or hand-delivered to:

> Northern District of Georgia
> 2211 U.S. Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303

Defendant shall include his name and the docket number of this case on each check or money order. Any cash payment must be hand-delivered to the Clerk's Office using exact change, and shall not be mailed.

4. **Additional Provisions**

Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, Financial Litigation Program, 75 Ted Turner Drive, Suite 600, Atlanta, Georgia 30303.

[continued on next page]

## 5. Confidential Schedule of Victims

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by the Government, the Clerk's Office, and the United States Probation Office, as needed to enforce this Order, without further order of this Court.

IT IS SO ORDERED THIS <u>19th</u> DAY OF DECEMBER <u>2024.</u>

STEVEN D. GRIMBERG
United States District Court Judge

SEEN AND AGREED TO BY:

Scott Poole
Grisham, Poole, & Carlile, LLC
Counsel for Defendant, Thaddeus Anderson

SEEN AND AGREED TO BY:

Samantha M. Schlich
Assistant United States Attorney